

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

May 28, 2021

<u>Via Email</u>
Don Flanary
Counsel for Samuel Montoya
Flanary Law Firm, PLLC
214 E. Ashby Place
San Antonio, Texas 78212
donflanary@hotmail.com

    Re:    *United States v. Samuel Montoya*
                Case No. 1:21-cr-336

Dear Counsel:

      The enclosed memorializes the provision of the following preliminary discovery in this case, via filesharing (unless otherwise indicated):

1. Unredacted and redacted criminal complaints
2. Arrest Warrant and Arrest Warrant return
3. Order to seal complaint
4. Statement of Facts supporting Complaint
5. Information
6. Defendant's video from Capitol
7. Defendant's TV appearances (x3, zipped in 2 files)
8. Videos discussing defendant's case (x2)
9. Sprint subpoena returns – redacted
10. HIGHLY SENSITIVE: CCTV Capitol Police surveillance video of defendant (x20)
11. MPD Body Worn Camera videos (x16)
12. Open-Source Videos (x9 files)
13. Search warrant photos (x223)
14. Search warrant return
15. Evidence log
16. W-1 tip, 302s, photo identification - redacted

The materials are provided pursuant to the Protective Order entered in this case. Please adhere to sensitivity markings.

The discovery is unencrypted. Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips. The government is working to develop a system that will facilitate access to these materials. In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. If you have any questions,

please feel free to contact me.

    Sincerely,

    Candice C. Wong
    Assistant United States Attorney
    202-252-7849
    Candice.wong@usdoj.gov