**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 21-CR-336-JDB** |
| | : | |
| **SAMUEL CHRISTOPHER MONTOYA,** | : | |
| | : | |
| **Defendant.** | : | |

**JOINT MOTION TO**
**CONTINUE JULY 12, 2022 HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The above-captioned matter is currently set for status on July 12, 2022. The parties respectfully request that the Court continue the July 12 status conference for sixty days and exclude time under the Speedy Trial Act between July 12 and the new hearing date.

Counsel for the defendant and counsel for the government will both be traveling and will be unavailable for the hearing. In addition, the government has been working with defense counsel in order to provide voluminous discovery in this case. The parties hope to be able to negotiate a plea agreement that would obviate the need for a trial. However, the parties need additional time for the production and review of discovery and to engage in discussions. Continuing the hearing for sixty days will allow additional time for the production and review of discovery and plea negotiations.

The Speedy Trial Act requires that, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). However, the

Act excludes any period of delay when a judge grants a continuance and finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting an ends-of-justice continuance, the Court must "set[] forth, in the record of the case, either orally or in writing, its reasons for [that] finding." *Id.*

Here, the exclusion of time through the 60 days best serves the interests and ends of justice and outweighs the interests of the public and the defendant in a speedy trial because excluding such time will afford the defense the opportunity to engage in further plea discussions with the Government and to continue reviewing discovery, facilitating the effective preparation of counsel. Therefore, the parties move the Court to exclude the time between July 12 and the new hearing date from the time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). The parties further respectfully request that the next status hearing be set for a time after 11:00 a.m. because government counsel is located in the Pacific time zone.

A proposed order follows.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: __/s/ *Alexis J. Loeb*__________________________

Alexis J. Loeb
California Bar No. 269895
Assistant United States Attorney
Detailee
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102

Tel. (415) 436-7168
alexis.loeb@usdoj.gov

FLANARY LAW FIRM, PLLC

One International Center
100 NE Loop 410, Suite 1385
San Antonio, Texas 78216
Tel: (210) 738-8383
Fax: (210) 728-3438

By: *_/s/ Donald H. Flanary, III._*
Donald H. Flanary, III.
State of Texas Bar No. 24045877
ATTORNEY FOR DEFENDANT,
Samuel Christopher Montoya

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA :**
**:**
**v. : CASE NO. 21-CR-336-JDB**
**:**
**SAMUEL CHRISTOPHER MONTOYA, :**
**:**
**Defendant. :**

**ORDER**

Based upon the representations in the parties' Joint Motion to Continue July 12, 2022 Hearing and Exclude Time Under the Speedy Trial Act, and upon consideration of the entire record, it is hereby

**ORDERED** that the United States' Unopposed Motion to Exclude Time Under the Speedy Trial Act, is hereby GRANTED, and the status conference scheduled for July 12, 2022 is continued to ____________, 2022; it is further

**ORDERED** that the time period from July 12, 2022 through ___________, 2022, is hereby excluded from the computation of time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. Due to the number of individuals currently charged across the Capitol riot investigation and the nature of those charges, the volume and nature of potentially discoverable materials, the ongoing discussions of a resolution of this matter, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the

public and the defendants in a speedy trial.

____________________________________
THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT JUDGE